IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREECREST INVESTMENTS, LLC, DONALD J. KINSELLA and JULIE KINSELLA, | ) ) ) | |
| Plaintiffs, | ) ) | 10 C 8235 |
| v. | ) ) | Judge Ronald A. Guzmán |
| THE PRIVATEBANK AND TRUST CO., THE FOUNDERS BANK and THE FOUNDERS GROUP, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| THE PRIVATEBANK AND TRUST CO., | ) ) | |
| Cross-Plaintiff, | ) ) | |
| v. | ) ) | |
| FREECREST INVESTMENTS, LLC; CCL CORP.; BEST CONSTRUCTION SERVICES, INC. d/b/a G & J SERVICES GROUP, INC.; OAK LAWN BLACKTOP PAVING CO., INC.; TIMM ELECTRIC, INC.; REGER DEVELOPMENT, LLC; MIDWEST FIRE SUPRESSION, INC.; CUSTOM COLOR CORP., INC.; EXPRESS SIGNS AND LIGHTING MAINTENANCE, INC.; ALPINE CONCRETE, INC.; ADELMANN CONSTRUCTION INC.; MINOOKA GRAIN, LUMBER & SUPPLY INC.; K.G. BUILDERS, INC.; SINNOT ENGINEERING, P.C.; JONES BUILDING PRODUCTS, LLC; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Cross-Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 22, 2010, plaintiff/cross-defendant Freecrest Investments, LLC ("Freecrest")

filed a complaint in the Circuit Court of Will County, Illinois alleging breach of contract against

defendant/counter-plaintiff The PrivateBank and Trust Company ("PrivateBank") for failing to complete the funding of a construction loan. On March 2, 2010, defendant PrivateBank filed a complaint in the Circuit Court of Will County, Illinois seeking foreclosure of its mortgage securing the construction loan. Thereafter, PrivateBank filed a cross-claim action naming thirteen mechanic's lien claimants, as well as, unknown owners and non-record claimants as defendants to its foreclosure suit. The above actions were consolidated in the state court. Pursuant to 28 U.S.C. §§ 1441 and 1452(a), PrivateBank removed the action to federal court. Freecrest now seeks to remand the case to state court pursuant to § 1452(b). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## Background

In 2007, Freecrest obtained a construction loan from Founders Bank for the construction of a commercial building in Will County, Illinois. (Freecrest's Compl. ¶ 1.) Shortly thereafter, PrivateBank purchased Founders Bank, including all of its assets and liabilities. (*Id.* ¶ 5.) Following the purchase, PrivateBank informed Freecrest that it was behind on its loan payments. (*See id.* ¶ 13.) Freecrest disputed this assertion, but PrivateBank refused to disburse any further loan proceeds until the matter was resolved. (*Id.* ¶ 21.) As a result, on January 22, 2010, Freecrest filed an action against PrivateBank alleging, among other things, breach of the construction loan agreement. (*Id.* Count I.) On March 2, 2010, PrivateBank responded by filing an action to foreclose on the commercial building that secured the construction loan. (PrivateBank's 3d Verified Compl. Counts I-IV.)

Then, months after the parties' had filed their respective complaints in state court, on September 29, 2010, Freecrest filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code ("the Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, 10-bk-43501. On December 28, 2010, PrivateBank removed the consolidated state action to federal court. (Notice Removal, Dec. 28, 2010.) On January 11, 2011, the bankruptcy court granted PrivateBank relief from the automatic stay to proceed with its foreclosure action in state court, and upon finding that the case had been removed, granted the same relief with regard to the federal court action. (Order Granting Relief Stay, 1/11/11, ECF No. 39; Hr'g Tr. vol 1., 7, 3/16/11, ECF No. 42-2.)

Due to an agreed stipulation to dismiss between the parties, however, the only remaining pending claims in this case are those contained in PrivateBank's foreclosure action and the mechanic's lien claimants' counterclaims, which were filed in response to PrivateBank's foreclosure complaint. (*See* Order Granting Mot. Dismiss Fed. R. Civ. P. 41(a)(2).) Both the foreclosure action and the respective counterclaims involve only issues of state law and the real estate sought to be foreclosed, Freecrest and nearly all the mechanic's lien claimants are located in Will County, Illinois. (PrivateBank's 3d Verified Compl. Counts I-IV; Mechanic's Lien Claimants' Countercls.)

## Discussion

A case may be removed to district court if the district court "has jurisdiction of such claim or cause of action under § 1334 of this title." 28 U.S.C. § 1452(a). Defendant removed this action based on § 1334(b), which provides that a "district [court] shall have . . . jurisdiction

3

of all civil proceedings arising under [the Code], or arising in or related to cases under [the Code]." § 1334(b). Freecrest now requests that the Court exercise its discretion and remand the case to state court under the doctrine of equitable remand codified at § 1452(b), which states, in part, that a federal court may remand a case removed under § 1334 on "any [appropriate] equitable ground." § 1452(b). An order to remand pursuant to § 1452(b) is not reviewable by appeal or otherwise by the court of appeals or by the Supreme Court. *Id.* Further, any doubts about the propriety of removal are to be resolved in favor of remand. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1967).

In evaluating a motion to remand pursuant to § 1452(b), the court should consider the following factors: (1) the extent to which judicial resources will be duplicated or otherwise ineffectively used; (2) whether the remand will adversely affect the administration of the bankruptcy estate; (3) whether the case involves questions of state law better addressed by a state court; (4) any comity considerations; (5) whether there is prejudice to unremoved parties; (6) whether the remand lessens the possibility of inconsistent results; and (7) whether the court where the action originated has greater expertise. *Baxter Healthcare Corp. v. Hemex Liquidation Trust et al.*, 132 B.R. 863, 867-68 (Bankr. N.D. Ill. 1991). The factors are to be applied flexibly according to the circumstances of the case, and no one factor is determinative. *In re Chi., Milwaukee, St. Paul & Pac. R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

Of importance to the Court's decision of whether to remand this case is the fact that this case is not, as PrivateBank asserts, a core proceeding within the meaning of 28 U.S.C. § 157. As the Seventh Circuit has explained, "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the

4

claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by . . . state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Such a proceeding may be "related to the bankruptcy because of its potential effect," but is a non-core proceeding. *Id.*

This case is a non-core proceeding because it alleges only violations of state law, which could be brought (as they were here) in an ordinary foreclosure suit regardless of whether Freecrest was bankrupt. Although this case could be, and most likely will be, affected by the bankruptcy proceedings, the claims are non-core matters that, at most, relate to the bankruptcy, given that "[a] case is related to a bankruptcy when the dispute affects the amount of property for distribution or the allocation of property among creditors." *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991) (internal quotation omitted).

The fact that this case is a non-core proceeding weighs heavily in favor of remanding it to state court. This is so because courts in the Northern District are of the view that "whenever possible state courts should decide issues of state law, particularly when, the state-law claims were sued on originally in state court." *Pio v. Gen. Nutrition Cos.*, No. 06 C 2140, 2006 WL 3147721, at *5 (N.D. Ill. Oct. 31, 2006) (quotation omitted); *see In re United States Brass*, 110 F.3d at 1265 ("Questions of Illinois law should be decided by the state court of Illinois rather than by [a federal court] . . . ."). Moreover, as the Seventh Circuit has reiterated, when cases are

5

removed from state to federal court but only involve issues of state law, "[t]he use of the Bankruptcy Code to obtain a [federal] forum . . . should not be encouraged." *In re United States Brass*, 110 F.3d at 1265. Therefore, for the reasons stated above, factors three, four and seven weigh in favor of remand.

As for the other factors, the Court finds that they either weigh in favor of remand or are neutral. First, PrivateBank argues that remand will risk duplication of judicial resources. The Court disagrees. If anything, remanding this case would save judicial resources by stopping this Court from having to decide motions the state court has already addressed, such as the currently pending motion for appointment of a receiver. Moreover, the state court has more experience with this case as it has already addressed issues regarding the sufficiency of the pleadings, appointment of a receiver and a motion for sanctions, and more expertise as the case involves only issues of state law. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998) (stating that the state court has greater expertise in applying state law). Further, remanding the case will not cause inconsistent results or adversely affect the bankruptcy proceeding as both parties agree that confirmation of one of the proposed plans in Freecrest's bankruptcy case will ultimately control this action, and this case has no influence or affect on which plan will be chosen. (Hr'g Tr. vol 1., 5-7, 3/16/11, ECF No. 42-2.) Last, the motion to transfer this matter to the bankruptcy court has been withdrawn; thereby thwarting what appears to have been PrivateBank's main purpose for removing the action to federal court. (PrivateBank's Resp. Freecrest's Mot. Remand at 8, 10, 12.)

In sum, PrivateBank's arguments are mostly, if not entirely, based on the premise that its claims are core issues, and therefore need to be resolved by either this Court or the bankruptcy

6

court to avoid inconsistent results. However, as the Court has previously noted, this premise is incorrect and, as such, PrivateBank's remaining arguments for remand are either irrelevant or moot. Therefore, for the reasons stated above, the Court grants Freecrest's motion to remand.

## Conclusion

For the reasons set forth above, the Court grants Freecrest's motion to remand [doc. no. 38] to the Circuit Court of Will County, Illinois.

SO ORDERED                ENTER:   July 15, 2011

*Ronald A. Guzman*

**RONALD A. GUZMAN**
**District Judge**